NORFOLK AND WESTERN RAILWAY COMPANY, Appellant,

v.

ANDERSON'S-BLACK ROCK, INC., Appellee.

No. 9869.

United States Court of Appeals Fourth Circuit.

Argued May 5, 1965.

Decided Sept. 17, 1965.

Zane Grey Staker, Williamson, W. Va. (W. Graham Smith, Jr., and Slaven & Staker, Williamson, W. Va., on brief), for appellant.

Edwin W. Conley, Huntington, W. Va. (Huddleston & Bolen, Huntington, W. Va., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and LEWIS, District Judge.

OREN R. LEWIS, District Judge:

The original plaintiff, Franklin D. R. Halstead, an employee of Anderson's-Black Rock, Inc., received $20,000.00 [1] from the Norfolk and Western Railway Company after instituting a tort action in which he alleged that he lost an arm by reason of Norfolk and Western's sim-ple negligence in that: one, Norfolk and Western altered a gondola by welding some braces or angle irons on the inside walls; two, Norfolk and Western allowed that car to be loaded with limestone to a height concealing the angle iron; and three, Norfolk and Western did not warn him of the presence of the hidden angle irons; so that as he was assisting in unloading that car, his accident occurred. Norfolk and Western's answer admitted the allegations but denied negligence. A co-defendant, John W. Lowe, was dismissed from the case on motion of the plaintiff.

By third-party action against Black Rock Norfolk and Western seeks reimbursement of the $20,000.00 paid Halstead via indemnity.

The contract relied upon by Norfolk and Western consisted of a standard form of bill of lading and certain tariff rules and regulations applicable thereto, all on file and approved by the Interstate Commerce Commission and contained in Uniform Freight Classification 5—specifically, Rule Number 27, Section 1—which reads as follows:

> "Owners are required to load into or on cars, freight for forwarding by rail carriers, and to unload from cars freight received by rail carriers, carried at CL ratings or rates, except where tariff of carrier at point of origin or destination or stopover station (as the case may be) provides for loading or unloading of CL freight by carrier."

Black Rock in its answer admitted its employees, including Halstead, unloaded the car and that Halstead was injured while so doing, but denied liability to Norfolk and Western by reason of any matter concerned with the accident, and further, pleaded as affirmative defenses that: (one) the third-party complaint failed to state a claim upon which relief could be granted, and (two) that it was shielded from liability to the Railway Company by virtue of the exclusive lia-

---

[1]. In settlement without prejudice to the rights of Norfolk and Western in the third-party action.

bility provisions of the West Virginia Workmen's Compensation Act.[2]

Black Rock in its motion for summary judgment admitted that its negligence in unloading the car was a proximate cause of Halstead's injury. There being no factual differences, the District Court granted the defendant's motion and dismissed the third-party complaint.

Norfolk and Western seeks reversal upon the ground it was deprived of a trial on the merits. Had it been granted a trial, the Railway says, it would have adduced evidence that Black Rock negligently unloaded the limestone with their clamshell shovel and would have put in evidence the bill of lading under which the shipment moved.

This argument is without merit. Black Rock in its motion for summary judgment admitted that its negligence in unloading the car was a proximate cause of Halstead's injuries, and the introduction of the bill of lading would not have added anything to the record.[3] It could only have shown that the shipment of limestone was moved subject to the tariffs in effect and regulations applicable thereto, namely, Rule Number 27, Section 1. This was disclosed by the Railway in its answer to interrogatories.

■ There being no genuine issue as to any material fact, summary judgment was the proper vehicle for the determinaton of this case. Rule 56, Federal Rules of Civil Procedure.

■ The legal question before the District Court for determination was whether Black Rock had a contract of indemnity with Norfolk and Western which would allow Norfolk and Western to recover from or be indemnified by Black Rock for the $20,000.00 paid Halstead. The District Court found adversely to the Railway, and we agree.

Norfolk and Western claims Black Rock breached its implied contractual duty to the Railway to unload the car of limestone in a safe and non-negligent manner. To establish such a duty the Railway relies upon the terms of the bill of lading and the Interstate Commerce Commission tariff regulations applicable thereto, specifically including Uniform Freight Classification 5, Rule Number 27, Section 1. We do not so read the tariff. Black Rock was in no sense performing a service for Norfolk and Western when it unloaded its limestone from the defective car. It was merely unloading its own property uninhibited in manner or means by any conditions imposed by Norfolk and Western. There was no duty [4] on the part of the Railway, by custom or tariff, to unload carload freight from its cars when they arrived at the point of destination. To the contrary, the tariff here relied upon expressly requires the owners to both load and unload carload shipments.

The facts in the Moretz case,[5] relied upon by Norfolk and Western to support its theory of an implied contract of indemnity, are sufficiently different from the facts in this case to readily distinguish that case from this one. There the applicable tariff imposed specific duties in re loading on the carrier of the cargo. Here no such duties were imposed. There the shipper was seeking indemnity from the carrier for losses incurred from the improper loading of the truck. Here the carrier is seeking indemnity from the shipper for losses sustained by reason of its admitted negligence. There the carrier was contractually engaged in the performance of a service for the shipper when the injury occurred, under the terms of which engagement the carrier was required to observe certain safety measures which it clearly violated, resulting in the loss

---

2. Halstead received benefits from the West Virginia workmen's compensation funds for injuries sustained while unloading the car.

3. The Railway, for reasons best known to itself, did not undertake to have the bill

of lading made a part of the record in the District Court.

4. See 13 Am.Jur.2d, Carriers, Section 319, p. 814.

5. General Electric Company v. Moretz, 270 F.2d 780 (4th Cir. 1959).

to the shipper, while here Black Rock was not engaged to perform any service for Norfolk and Western and was performing none at the time of the injury.

 As was pointed out by this Court in the Moretz case, if in the process of performing its contract of service a carrier causes the shipper to incur a loss then the essence of the contract is an indemnity obligation of the carrier to make the shipper whole.

There being no contract of indemnity in the instant case, discussion of the other asserted defenses is not required.

The judgment of the District Court is affirmed.

Affirmed.