HERBERT McCOY, Respondent, v. AMERICAN ISRAELI SHIPPING Co., INC., et al., Appellants.

First Department, June 7, 1973.

*John F. X. McKiernan* of counsel (*Hill, Betts & Nash,* attorneys), for appellants.

*Benjamin H. Siff* of counsel (*Thomas R. Newman* with him on the brief; *Kenneth Heller,* attorney), for respondent.

*Per Curiam.* Plaintiff, a longshoreman, brings this action for damages for personal injuries allegedly suffered on January 4, 1968, while plaintiff was working aboard the S. S. *Yafo,* then docked at Pier 32, North River, in the City of New York. This action was commenced about March 1, 1972. An earlier action commenced August 12, 1968, against Zim Israel Navigation Co., Ltd. (Zim Israel) as owner of the vessel, was removed to Federal court, and then later dismissed on November 12, 1971, with prejudice, for failure to prosecute. In a pretrial memorandum filed by plaintiff prior to dismissal, plaintiff noted as a fact not in controversy that the S. S. *Yafo* was owned by Zim Israel.

The instant action is premised upon unseaworthiness and negligence. In addition to denials, defendants plead affirmatively, *inter alia,* the Statute of Limitations, and deny operation, management, possession or control of the vessel, and deny also that defendant Mediterranean Agencies, Inc. (Mediterranean) was in fact the owner *pro hac vice* of the vessel. Defendants moved for summary judgment and sought a protective order on the deposition of the master of the S. S. *Yafo,* noticed by the plaintiff. This motion was denied.

The Statute of Limitations is clearly a valid defense with respect to the issue of negligence in light of the elapsed time between the date of the accident and commencement of this action. (CPLR 214.)

Documentary evidence in the record, not controverted by the plaintiff, established record ownership in Zim Israel. It is not even indicated that either of these defendants owns stock in Zim Israel. On the contrary, it does appear that these defendants were disclosed agents of Zim Israel and lacked ownership or control over the S. S. *Yafo*. Mediterranean, on the date of the accident, was the cargo representative and American Israeli Shipping Co., Inc. (American) was the general representative handling general administration matters and passenger bookings (cf. *Scully* v. *Zim Israel Nav. Co.*, 1968 American Maritime Cases 1209, 1210 [U. S. Dist. Ct., S. D. N. Y.]). In the cited case Scully sought to recover damages for personal injuries allegedly suffered September 28, 1967 in New York aboard a vessel owned by Zim Israel. The court, per TENNEY, D. J., noted " that these disclosed agents [American and Mediterranean] lacking ownership or control over the vessel, cannot be held liable herein ". An affidavit of Sidney Richmond (an employee of American now known as Zim-American-Israeli Shipping Co., Inc.) points up that defendants were disclosed agents at the time of the accident in the instant case. As such, they clearly are not liable.

The affidavit, by plaintiff's attorney, in opposition to the motion by defendants, speculates as to stock ownership in individuals and other corporations in the United States which influence or control Zim Israel, but he does not really controvert the status of defendants as disclosed agents.

No valid reason is advanced for the delay in the commencement of this action. While the delay might weigh more heavily if these defendants were not disclosed agents (cf. *Oroz* v. *American President Lines,* 259 F. 2d 636, 639) we are not unmindful of it here, though we do not premise our determination upon laches.

The order entered August 22, 1972, in New York County (GOMEZ, J.) denying defendants' motion for summary judgment, should be reversed on the law and the motion granted dismissing the complaint, without costs to either party.

STEVENS, P. J., MARKEWICH, MURPHY, LANE and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on August 22, 1972, unanimously reversed, on the law, without costs and without disbursements, and the motion granted dismissing the complaint.