Gabrielli, J.
On November 8, 1965, Carmine Celeste, an employee of American Stevedores, Inc., was injured while working as a longshoreman aboard the S. S. Biddeford Victory, owned by the defendant Prudential-Grace Lines (Prudential). Alleging that his injuries were caused by the defendant’s negligence in the maintenance of the ship’s deck,'and by the general unseaworthiness of the vessel, Celeste commenced an action against Prudential, who in turn commenced a.third-party action against the independent contract stevedore, American Stevedores. This complaint, in essence seeking indemnification, alleged that the third-party defendant being in sole charge of Celeste’s work had breached its warranty of workmanlike service to Prudential, and was therefore liable to Prudential for any judgment arising out of the main action. The third-party answer asserted as a complete defense that the claim for indemnification, having been instituted more than six years after Celeste sustained his injuries, was barred by the six-year Statute of Limitations applicable to contract actions (CPLR 213).
Special Term concluded that the third-party cause of action actually sounded in indemnity and that it thus accrued on the date the breach was committed, viz. the date plaintiff was injured, and therefore CPLR 213 was a complete bar. The Appellate Division affirmed, without opinion.
Conceded by the parties and, of course, critical to the determination of this appeal is the doctrine that a maritime action instituted in State court is governed by Federal maritime principles. It is well established that despite the grant of concurrent jurisdiction in Federal and State courts over maritime *63 actions (U. S. Code, tit. 28, § 1333), State courts are bound to apply Federal law in the resolution of such disputes (Matter of Rederi [Dow Chem. Co.], 25 N Y 2d 576, 581; Romero v. International Term. Co., 358 U. S. 354; Garrett v. Moore-McCormack Co., 317 U. S. 239; Detroit Trust Co. v. Barlum, 293 U. S. 21).
Bound as we thus are, an analysis of the Federal cases discloses ¡that a maritime cause of action for indemnity does not accfue ¡until a judgment has been entered and paid (Hidick v. Orion Shipping & Trading Co., 157 F. Supp. 477; Mangone v. Moore-McCormack Lines, 152 F. Supp. 848; Dell v. American Export Lines, 142 F. Supp. 511; United New York Sandy Hook Pilots Assn. v. Rodermond Ind., 394 F. 2d 65; United States v. Farr & Co., 342 F. 2d 383; see, also, Musco v. Conte, 22 A D 2d 121).
In United New York Sandy Hook Pilots Assn. v. Rodermond Ind. (supra) a case directly in point, a longshoreman Was critically injured as the result of alleged negligence on the part of the shipowner, and the general unseaworthiness of the ship. After several trial and appellate proceedings, judgment was obtained in plaintiff’s favor. Thereafter an action based on indemnity was brought by the shipowner against the general contractor. The contractor moved to dismiss the action on the grounds that since it was commenced some 13 years following plaintiff’s injuries, it was barred by New Jersey’s six-year Statute of Limitations governing contract actions. The Third Circuit Court of Appeals in treating this issue held that “ [t]he general rule, applicable to this case, is that a claim for indemnity does not accrue until the indemnitee’s liability is fixed by a judgment against or payment by the indemnitee ” (United New York Sandy Hook Pilots Assn. v. Rodermond Ind., supra, p. 75).
Special Term erroneously, we think relied on dictum in Ryan Co. v. Pan-Atlantic Corp. (350 U. S. 124), wherein it was stated that a shipowner’s cause of action for breach of a “ warranty of workmanlike service * * * is comparable to a manufacturer’s warranty of the soundness of its manufactured product ”; and, likewise, citing Mendel v. Pittsburgh Plate Glass Co. (25 N Y 2d 340), Special Term reasoned that the cause of action for a breach of workmanlike service should thus accrue on the date the services were improperly rendered. The *64 Supreme Court in Ryan Co. (supra) in analogizing the breach of warranty of workmanlike service to a breach of a manufacturer’s warranty was only emphasizing the nature of the cause of action as a contract action vis-á-vis a tort action, and was not speaking in terms of an applicable Statute of Limitations. It is apparent that while the instant cause of action may appear to be an action on contract, it is nonetheless one for indemnity in which liability does not fasten until the judgment is entered and paid. In these circumstances, therefore, where liability in the principal action brought by the injured workman has not yet been fixed, the third-party action is not barred.
Finally we note that once judgment has been entered and paid, the continued viability of the cause of action for indemnity will not be conclusively governed by our six-year Statute of Limitations applicable in contract actions, but by Federal laches — there not being a specific period of limitation under Federal law governing such actions. Whether we consider the Statute of Limitations as substantive or procedural, both Federal law in maritime cases and our policy clearly dictate that we may not detract from a right given by Federal law created under the admiralty powers. Then Chief Judge Fuld writing in Matter of Rederi (Dow Ghem. Co.) (25 N Y 2d 576, 581, supra) noted that our own rules of procedure may not be applied in maritime cases “ if those rules would significantly affect the result of the litigation, i.e., would be outcome determinative ” (see, also, Garrett v. Moore-McCormack Co., 317 U. S. 239, 246-249, supra). It is reasonable that State courts be required to apply Federal law in such disputes in order to secure a single and uniform body of maritime law (see, e.g., Romero v. International Term. Co., 358 U. S. 354, supra). This does not mean that our State rules are irrelevant, for they are a proper consideration in determining whether laches is a bar, but the State period of limitation is simply not conclusive (Czaplicki v. The Hoegh Silvercloud, 351 U. S. 525, 533; Moore-McCormack Lines v. Shin Mitsubishi Heavy Ind., 337 F. Supp. 513, 517). Any conclusion to the contrary would fall short of affording seamen the full benefit of Féderal law to which they are entitled (Garrett v. Moore-McCormack Co., 317 U. S. 239, *65 243, supra). The order appealed from should he reversed and the third-party complaint reinstated.
Chief Judge Bbeitel and Judges Jasen, Jones, Wachtleb, Babin and Stevens concur.
Order reversed, with costs, and third-party complaint reinstated.