■ ALEJO GUZMAN, Appellant, v FARRELL LINES, INC., Respondent.—Order, Supreme Court, New York County, entered February 17, 1978, granting defendant's motion to dismiss the complaint as time barred unanimously reversed, on the law, with costs and disbursements, and the motion denied. This longshoremen's personal injury action against the vessel owner for negligence was commenced 37 months after the action accrued. In reliance upon McCoy v American Israeli Shipping Co. (42 AD2d 12, affd 34 NY2d 569), Special Term held that the action was time barred by New York's three-year statute governing personal injury actions. (CPLR 214, subd 5.) In amending the Longshoremen's and Harbor Workers' Compensation Act (US Code, tit 33, § 901 et seq.) it is clear that Congress in eliminating unseaworthiness as a basis of liability in a longshoreman's action for personal injuries, intended that legal questions arising in such actions be determined as a matter of Federal law, and that the negligence remedy be uniformly applied irrespective of the law of the State in which the port of accident might be located. (Report of House Education and Labor Committee, HR Rep No. 1441, 92d Cong, US Code, Cong & Admin News, 1972, vol 2 pp 4698, 4702 through 4705.) The committee report did not specifically identify the timeliness of a longshoreman's personal injury action as an issue to be determined under Federal law as it did with other issues, e.g., comparative negligence, assumption of risk. Under Federal law governing maritime cases there is no Statute of Limitations. Laches is the sole standard by which untimeliness is measured. In the United States District Court, Southern District of New York, it has been uniformly held that whether the longshoreman's action is time barred must be determined under the traditional admiralty doctrine of laches. (Lanza v Charente S. S. Co., No. 77-697 [Dec. 8, 1977]; Vasquez v Intermaritime Carriers S. A., 439 F Supp 688; Lopez v Schroder, No. 76-3577 [March 7, 1977]; Noren v United Phillippine Lines, No. 76-1584 [March 2, 1977]; Yero v Moore-McCormack Lines, No. 76-4280 [Jan. 6, 1977]; Bongiovanni v N. V. Stoomvaart-Matts "Oostzee", 458 F Supp 602.) Where there is a uniform Federal rule, albeit

one established by lower Federal courts, we are bound in cases such as the one at hand to apply it. *(Alvez v American Export Lines,* 46 NY2d 634.) Moreover, our Court of Appeals in *Celeste v Prudential-Grace Lines* (35 NY2d 60, 64), decided after *McCoy (supra),* has held: "Whether we consider the Statute of Limitations as substantive or procedural, both Federal law in maritime cases and our policy clearly dictate that we may not detract from a right given by Federal law created under the admiralty powers * * * It is reasonable that State courts be required to apply Federal law in such disputes in order to secure a single and uniform body of maritime law [citation omitted]. This does not mean that our State rules are irrelevant, for they are a proper consideration in determining whether laches is a bar but the State period of limitation is simply not conclusive [citations omitted]." The better rule, it seems to us, is to measure the timeliness of the action in the State court by the Federal standard, in order to assure that a longshoreman is afforded the full benefit of Federal law to which he is entitled. In our view, *McCoy (supra),* no longer represents the law of New York. Accordingly, reversal is required. Concur—Sandler, J. P., Sullivan, Markewich and Silverman, JJ.