OPINION OF THE COURT
Aaron D. Bernstein, J.
This is an action for personal injuries. The salient facts are as follows:
On May 20,1976 the plaintiff, a harbor worker, allegedly slipped and fell and suffered injuries while working aboard the S.S. Mormacaltair, a cargo vessel ownéd by defendant Moore McCormack Lines, Incorporated (hereinafter referred to as Moore McCormack). At the time of the accident, plaintiff was employed as a lasher by the third-party defendant Quinn Marine Services, Incorporated (hereinafter referred to as Quinn), an independent contractor *493 engaged by Moore McCormack to lash cargo in the hatches of the vessel. The plaintiff was injured in the course of his employment while lashing cargo which had been earlier loaded aboard the S.S. Mormacaltair by defendant Pittston Stevedoring Corporation (hereinafter referred to as Pittston), who is also an independent contractor performing this work for Moore McCormack. The plaintiff has been paid workers’ compensation benefits under the Longshoremen’s and Harbor Workers’ Compensation Act (hereinafter referred to as LHWCA [US Code, tit 33, § 901 et seq.]) by his employer Quinn from Quinn’s insurance carrier, Hartford Insurance Group.
Plaintiff commenced this action against Moore McCormack and Pittston Stevedoring based upon principles of negligence. Pittston, in turn, has brought a third-party action against Quinn requesting contribution or indemnification. By the instant motion, Quinn now seeks dismissal of the third-party complaint.
It is the position of the third-party defendant that Federal statutory and decisional law precludes a tort-feasor from obtaining either contribution or indemnity from an employer who has paid his employee workers’ compensation benefits under the LHWCA.
The third-party plaintiff argues first that New York, not Federal law, applies to this case and that under State law contribution or indemnity is available even if it has paid compensation benefits. Pittston also urges that even if Federal law is applicable herein, it has a valid claim against Quinn for either contribution or indemnity.
It is undisputed that the plaintiff was injured during the course of maritime employment as defined in section 902 of the LHWCA (US Code, tit 33, § 902, subd [3]) and was therefore entitled to and did receive workers’ compensation benefits pursuant to the act. Plaintiff’s negligence cause of action based on these injuries constitutes a Federal maritime tort (Atlantic Trans. Co. v Imbrovek, 234 US 52, 61-63; Pope & Talbot v Hawn, 346 US 406, 409) and his complaint asserts no claim created by or arising out of New York law (Pope & Talbot v Hawn, supra, p 409). Consequently, even though this action was instituted in a *494 State court, Federal maritime law and not New York law governs this controversy (supra, pp 409-410; Celeste v Prudential-Grape Lines, 35 NY2d 60, 62-63; Alvez v American Export Lines, 46 NY2d 634, 638).
The Federal statute involved, the LHWCA, provides that the employer’s statutory liability to its employees for workers’ compensation benefits (US Code, tit 33, § 904, subd [a]) “shall be exclusive and in place of all other liability of such employer to the employee” (US Code, tit 33, § 905, subd [a]; see Ryan Co. v Pan-Atlantic Corp., 350 US 124, 128-130). This “exclusive liability provision effectively abrogates any independent tort liability of the employer to its employees, thereby eliminating any basis which may have existed for indemnification on a tort theory” (Ocean Drilling & Exploration Co. v Berry Bros. Oilfield Serv., 377 F2d 511, 514; accord White v Texas Eastern Transmission Corp., 512 F2d 486, 489; Zapico v Bucyrus-Erie Co., 579 F2d 714, 720; Fitzgerald v Compania Naviera La Molinera, 394 F Supp 402, 410; S. S. Seatrain La. v California Stevedore & Ballast Co., 424 F Supp 180, 184).
While an employer continues to remain liable for indemnity on the basis of an express or implied contractual obligation (Ocean Drilling & Exploration Co. v Berry Bros. Oilfield Serv., supra, at pp 514-515; S. S. Seatrain La. v California Stevedore & Ballast Co., supra, at p 184), no such obligation exists here between Pittston and Quinn. In this regard, Pittston also cannot rely on the claim that it may be a third-party beneficiary of Quinn’s contract with Moore McCormack (S. S. Seatrain La. v California Stevedore & Ballast Co., supra, pp 182-184).
It is equally well established that contribution among joint tort-feasors in the context of a maritime personal injury case is not available where the tort-feasor against whom the contribution is sought has paid workers’ compensation benefits under the LHWCA (Halycon Lines v Haenn Ship Corp., 342 US 282; Cooper Stevedoring Co. v Kopke, Inc., 417 US 106, 111-113; Zapico v Bucyrus-Erie Co., supra, at p 719; Ocean Drilling & Exploration Co. v Berry Bros. Oilfield Serv., supra, at p 514, n 5).
*495 Therefore, the third-party defendant Quinn Marine Service’s motion to dismiss the third-party complaint is ordered granted.