■ ERNEST MAGNO, Plaintiff, v WATERMAN STEAMSHIP LINES et al., Defendants, and BAY CRANE, INC., Defendant and Third-Party Plaintiff-Appellant. INTERNATIONAL TERMINAL OPERATING COMPANY, INC., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, defendant third-party plaintiff, Bay Crane, Inc., appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated June 30, 1981, which, *inter alia,* granted third-party defendant International Terminal Operating Company, Inc.'s motion to dismiss the third-party complaint against it for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. On September 11, 1979, plaintiff, a longshoreman in the employ of International Terminal Operating Company, Inc. (ITOC), a stevedoring company, sustained a work-related injury while aboard the vessel *Stonewall Jackson,* owned by Waterman Steamship Lines (Waterman). Plaintiff and other ITOC employees were in the process of placing covers over the vessel, aided by a crane which had been leased to ITOC by Bay Crane, Inc. Plaintiff alleges that he was injured when he noticed that a securing bolt was out of position and signaled for the lowering cover to be held up. The gangwayman, an ITOC employee who supervised the activity of the crane, apparently failed to heed plaintiff's communication, and when plaintiff attempted to place the

bolt in the proper position, the cover came down and pinned his right hand to the deck. Pursuant to its obligations as an employer under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) (US Code, tit 33, § 901 *et seq.*), ITOC paid workers' compensation benefits to plaintiff. Plaintiff commenced this personal injury action against Waterman, the shipowner, and Bay Crane, the crane lessor. Thereafter, Bay Crane served a third-party summons and complaint on ITOC alleging primary and active negligence and seeking contribution and indemnification. The third-party defendant stevedoring company then moved to dismiss the third-party complaint on the ground that it failed to state a valid cause of action for either contribution or indemnification. No express contract of indemnity existed between Bay Crane and ITOC. Essentially, ITOC argued that, absent a contract-based indemnification agreement, an employer who has paid workers' compensation benefits to its injured employee is immunized from liability under the LHWCA in any action brought by the injured employee, including third-party actions seeking indemnity and contribution. In opposition, Bay Crane maintained, *inter alia,* that its complaint set forth a valid cause of action under a contract theory of indemnity, namely, an implied warranty of workmanlike performance running directly between the stevedoring company and the third-party plaintiff Bay Crane. Special Term granted ITOC's motion to dismiss and Bay Crane appeals. This maritime tort action has been instituted in a State court pursuant to the grant of concurrent jurisdiction afforded by the "saving to suitors" clause of the Judiciary Act (US Code, tit 28, § 1333), and as such, Federal maritime law governs (*Garrett v Moore-McCormack Co.,* 317 US 239, 245; *Alvez v American Export Lines,* 46 NY2d 634, 638; *Celeste v Prudential-Grace Lines,* 35 NY2d 60, 62-63; *Matter of Rederi [Dow Chem. Co.],* 25 NY2d 576, 581, cert den 398 US 939). Section 905 of the LHWCA, entitled "Exclusiveness of liability", provides that an employer's liability under the act "shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from [it] at law or in admiralty *on account of* such injury" (US Code, tit 33, § 905, subd [a]; emphasis added). The LHWCA is therefore the injured longshoreman's exclusive remedy against his stevedore employer (see *Cooper Stevedoring Co. v Fritz Kopke, Inc.,* 417 US 106, 113). Turning first to Bay Crane's claim for contribution. It is well established that there is no enforceable right of contribution between joint tort-feasors in a noncollision situation where the employing stevedore against whom contribution is sought has paid workers' compensation benefits under the LHWCA (see *Halcyon Lines v Haenn Ship Corp.,* 342 US 282; see, also, *Cooper Stevedoring Co. v Fritz Kopke, Inc.,* 417 US 106, 114, *supra; Atlantic Coast Line R. R. Co. v Erie Lackawanna R. R. Co.,* 406 US 340; *Lopez v Oldendorf,* 545 F2d 836, 839-840, cert den 431 US 938; *Galimi v Jetco, Inc.,* 514 F2d 949, 956). It is clear then, that Bay Crane may not assert a claim for contribution against ITOC (*Spadola v Viking Yacht Co.,* 441 F Supp 798, 800; cf. US Code, tit 33, § 905, subd [a]). We next turn to the issue of indemnity. Absent an express or implied contract by ITOC to indemnify Bay Crane, the crane lessor may not assert a claim for indemnification (see *Zapico v Bucyrus-Erie Co.,* 579 F2d 714, 722; *Ocean Drilling & Exploration Co. v Berry Bros. Oilfield Serv.,* 377 F2d 511, 514-515; *Spadola v Viking Yacht Co., supra;* cf. *Matter of S. S. Seatrain La. v California Stevedore & Ballast Co.,* 424 F Supp 180; US Code, tit 33, § 905, subd [b]). As the present record on appeal is devoid of evidence of any such agreement, Bay Crane's complaint was properly dismissed. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.