Wilford **BURNETT** and Monica Burnett, his wife, Plaintiffs,

v.

**A. BOTTACCHI S.A. de NAVEGACION and Seaport Crane Service, Inc., Defendants.**

**SEAPORT CRANE SERVICE, INC., Third–Party Plaintiff,**

v.

**S.E.L. MADURO FLORIDA, INC., Third–Party Defendant.**

No. 91–1625–CIV.

United States District Court, S.D. Florida.

Dec. 5, 1994.

M. Emelina Mejer–Kondla, Armstrong & Mejer, P.A., Coral Gables, FL, for third-party defendant only.

Hyman Hillenbrand, Kroll & Tract, Miami, FL, for third-party plaintiff only.

### ORDER GRANTING MOTION TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Third–Party Defendant S.E.L. Maduro Florida, Inc.'s ("Maduro") Motion to Dismiss the Third Party Complaint, filed September 13, 1994. For the following reasons, the court shall grant Maduro's motion.

### BACKGROUND

This is an action for damages for personal injuries sustained by Plaintiff Wilford Burnett as a result of an accident aboard a vessel owned by Defendant A. Bottacchi, S.A. de Navegacion ("Bottacchi"). Burnett was a longshoreman employed by Maduro, a stevedore company experienced in the unloading of vessels and in stevedoring operations. Maduro was engaged by Bottacchi to unload pipes from the hold of Bottacchi's vessel, the *Puenta Malvinas,* at the Port of Miami, Florida. Maduro, in turn, contracted with Seaport for the furnishing of a crane and two crane operators to assist in the unloading of the *Puenta Malvinas.*[1] On February 1, 1990, Burnett was injured when a sling, owned by Maduro and attached to Seaport's crane, broke while lifting pipes out of the hold of the vessel. Burnett filed a workers' compensation claim against his employer, Maduro, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.

§ 901, *et seq.* ("LHWCA"). Maduro paid the claim. Thereafter, Burnett instituted this action against Bottacchi and Seaport. Bottacchi filed a Notice of Bankruptcy, and, on April 6, 1994, the action was stayed as to it.

On August 22, 1994, Seaport filed a Third–Party Complaint against Maduro for implied contractual indemnity (Count I) and for indemnity and contribution due to breach of delictual duty (Count II). Specifically, Seaport alleges that Maduro, as stevedore, owed its employees and Seaport a duty to provide a safe work environment and to ensure that the unloading of the vessel was performed in a secure and safe manner. Seaport contends that this duty arises from the warranty of workmanlike performance ("WWP") inherent in stevedoring contracts, and from the Occupational Safety and Health Act ("OSHA"). Seaport further contends that its close nexus with Maduro gives rise to an implied contract of indemnity for claims against Seaport arising from Maduro's breach of these duties. In addition, Seaport asserts that Maduro's negligent breach of these delictual duties supports Seaport's claim for tort-based indemnity and contribution.

Maduro now moves the Court to dismiss the Third–Party Complaint for failure to state a cause of action. In essence, Maduro challenges Seaport's assertions on the basis that Seaport's action is barred by the exclusive liability provision of the LHWCA.

### STANDARD OF REVIEW

Maduro predicates its request for dismissal on *Fed.R.Civ.P.* 12(b)(6). To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.,* 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

---

1. Seaport is an independent contractor in the business of renting cranes to the stevedoring companies at the Port of Miami.

The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).

## DISCUSSION

■ Under the LHWCA, employers are liable to their employees for workers' compensation, and such liability is "exclusive and in place of all other liability of such employer to the employee ... and anyone otherwise entitled to recover damages from such employer at law or in admiralty *on account of* such injury or death." 33 U.S.C. §§ 904, 905(a) (emphasis added). *See also Perron v. Bell Maintenance & Fabricators, Inc.*, 970 F.2d 1409, 1410 (5th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1264, 122 L.Ed.2d 660 (1993). Courts interpreting the "on account of" language in § 905(a) have found a congressional intent to abrogate all tort liability on the part of the employer to the employee, or to a third party, arising out of the employee's injury. *See, e.g., Ketchum v. Gulf Oil Corp.*, 798 F.2d 159 (5th Cir.1986); *Drake v. Raymark Indus., Inc.*, 772 F.2d 1007 (1st Cir.1985), *cert. denied*, 476 U.S. 1126, 106 S.Ct. 1994, 90 L.Ed.2d 675 (1986). Where an action is based on the breach of a separate and independent duty owed by the employer to a third party, however, § 905(a) may be overcome. *Inland Oil & Transport Co. v. City of Mount Vernon*, 624 F.Supp. 122, 125 (S.D.Ind.1985).

### Warranty of Workmanlike Performance

■ Seaport first alleges that Maduro owed it an independent duty of workmanlike performance, and that Maduro breached that duty. The warranty of workmanlike performance arises out of the contract principle that one who contracts to provide services to another impliedly agrees to perform such services in a diligent and workmanlike fashion; i.e., to perform the services properly and safely. *LeBlanc v. Two–R Drilling Co.*, 527 F.2d 1316, 1319 (5th Cir.1976).

Such a general undertaking of an independent contractor to perform a job carries with it a promise, implied in fact, that the operation will be conducted in a safe, skillful and generally workmanlike manner. Though such a contract may contain no express agreement to indemnify, a breach of this warranty of workmanlike performance, which results in loss to the owner by way of liability to a third person in damages, is redressed by imposing an obligation to indemnify upon the responsible contractor.

*Curtis v. A. Garcia y Cia., Ltda.*, 272 F.2d 235, 237 (3d Cir.1959). Because an employer's liability under this doctrine is based on breach of the warranty, rather than negligence, recovery under this doctrine does not offend the exclusive-remedy provision of the LHWCA. *Smith v. United States*, 980 F.2d 1379, 1381 (11th Cir.1993).

When the employer's relation to the third party is that of a contractor doing work for the third party, there may be an implied obligation to perform the work with due care. If, by failing to use such care, the employer causes an accident injuring his own employee, it may be said that the employer has simultaneously breached two duties of care. The one is toward the employee, and it is for this breach that compensation bars any common-law remedy. The other is toward the third party contractee, and among the damages flowing from the breach of this separate duty are any damages the third party may be forced to pay the employee because of their relation.

*General Elec. Co. v. Cuban Am. Nickel Co.*, 396 F.2d 89, 91 (5th Cir.1968). Hence, in order for the warranty to arise, the "putative warrantor [must be] performing some type of service for the party asserting the warranty claim." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1212 (5th Cir.1986).

Here, Maduro contracted with Bottacchi to perform stevedoring services. In furtherance of that contract, Maduro leased a crane and crane crew from Seaport. In other words, Seaport contracted to provide crane services to Maduro for the benefit of Bottacchi. Hence, the WWP runs from Seaport to Maduro, and from Maduro to Bottacchi. Seaport has not cited, and the Court cannot find, any case law that would support Seaport's proposition that the WWP ran in the opposite direction; i.e., from Maduro to Seaport. *See generally Williams v. Pennsylvania R.R.,* 313 F.2d 203, 210–11 (2d Cir. 1963). Indeed, the courts that have addressed this issue have consistently held that even when there is a contract between the employer and the third party, and even if this contract contains an implied obligation to perform certain functions with care because of incorporation by reference of federal regulations or otherwise, this still does not generate a WWP unless the functions being performed were a service to that third party. *See Halstead v. Norfolk & W. Ry.,* 236 F.Supp. 182, 187 (S.D.W.Va.1964) (WWP is founded on service aspect.), *aff'd sub nom Norfolk & W. Ry. v. Anderson–Black Rock, Inc.,* 350 F.2d 917 (4th Cir.1965); *General Elec. Co. v. Moretz,* 270 F.2d 780, 782, 791 (4th Cir.1959) (Service performed for third party carried with it duty of care.), *cert. denied,* 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). Accordingly, the Court finds that Maduro did not owe Seaport an independent duty under the WWP.

### OSHA Standards

Seaport also alleges that Maduro breached an independent duty owed to it under OSHA. OSHA requires that "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a). Hence, the duty of safety only runs from Maduro to its employees. *Doca v. Marina Mercante Nicaraguense, S.A.,* 634 F.2d 30, 33 (2d Cir.1980), *cert. denied sub nom Pittston Stevedoring Corp. v. Doca,* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 351 (1981); *Cochran v. Internation-*

*al Harvester Co.,* 408 F.Supp. 598, 602 (W.D.Ky.1975). *Cf. Hamilton v. Mesa Petroleum Co.,* 495 F.Supp. 718 (E.D.La.1980) (Employer's failure to adhere to safety rules was breach of duty owed to employees, not third party.). Here, there is no allegation in the Third Party Complaint that Seaport is an employee of Maduro. Moreover, assuming *arguendo* that Seaport is considered an employee of Maduro for OSHA purposes, the duty that runs from Maduro to Seaport is one of safety, not indemnity. *Hill Lines, Inc. v. Pittsburg Plate Glass Co.,* 222 F.2d 854, 857–58 (10th Cir.1955); *Burrell v. Rodgers,* 441 F.Supp. 275, 279 (W.D.Okla.1977).

In *Hill Lines,* the issue before the court was whether certain I.C.C. rules, regulations, and tariffs created an independent liability in the third party defendant (Pittsburgh) to indemnify third party plaintiff (Hill Lines) apart from any joint liability Pittsburgh and Hill Lines might have toward Pittsburgh's injured employee (Sanchez) on account of the injuries. In its third party complaint, Hill Lines alleged that the I.C.C. rules and regulations placed sole responsibility upon Pittsburgh for any negligence in the unloading of the truck resulting in injury to Sanchez, and that Pittsburgh owed a duty both to Sanchez and Hill Lines to unload the truck in a prudent manner. The court in *Hill Lines* held that:

> The most that can be said of Hill Lines' theory is that by virtue of the contractual relationship between Hill Lines and Pittsburgh with respect to unloading the truck, Pittsburgh became solely liable to its employee for his injuries.... [I]f Pittsburgh is either solely or jointly liable for those injuries, its liability is limited by the workmen's compensation act.

*Id.* In the instant case, the injured employee belonged to Maduro, not Seaport. Therefore, the Court finds that Maduro did not owe Seaport an independent duty under OSHA.

### Tort–Based Indemnity and Contribution

Under Count II, Seaport is seeking indemnity and contribution based on Maduro's alleged breach of delictual duty.

Thus, it appears to the Court that Seaport is, in essence, attempting to recover from Maduro on a theory of tort-based indemnity and contribution. Tort-based indemnity is implied-in-law when a great disparity exists in the fault of two tort-feasors and one of them has paid for a loss that was primarily the other's responsibility. *Peoples Democratic Republic of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir.1986). To the extent that Seaport's claim would be predicated on Maduro's negligence, the exclusive liability provision of the LHWCA clearly bars any such tort-based claim against Maduro. *See, e.g., Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952) (Contribution not recoverable.); *Ketchum v. Gulf Oil Corp.*, 798 F.2d 159 (5th Cir.1986) (Tort-based indemnity precluded.); *Zapico v. Bucyrus–Erie Co.*, 579 F.2d 714 (2d Cir.1978) (Tort-based indemnity precluded.). *See also Magno v. Waterman S.S. Lines*, 89 A.D.2d 958, 454 N.Y.S.2d 105 (1982) (Lessor of crane had no right to contribution against LHWCA employer.).

In an attempt to avoid this bar, Seaport is alleging that Maduro negligently breached delictual duties, arising pursuant to the WWP and OSHA and owed directly to Seaport, which are independent of the injuries suffered by Maduro's employees. Some authority exists for the proposition that tort-based indemnity may be warranted if the third party can show that the employer breached an independent delictual duty toward the third party. *See, e.g., Johnson v. National Steel & Shipbuilding Co.*, 742 F.Supp. 1062 (S.D.Cal.1990); *Carney v. Marathon Oil Co.*, 632 F.Supp. 1037 (W.D.La. 1986). *See also Holden v. Placid Oil Co.*, 473 F.Supp. 1097 (E.D.La.1979) (Third-party tort indemnity action against LHWCA employer not precluded where recovery of indemnity based on alleged direct duty was not "on account of" employee's injury.). As the foregoing analysis shows, however, Maduro's duties under the WWP and OSHA do not run in favor of Seaport and, therefore, do not create an independent delictual duty, the breach of which would warrant tort-based

indemnity. Accordingly, the Court shall dismiss Count II of Seaport's Third Party Complaint. Moreover, because the Court's exhaustive research has not disclosed any other delictual duty upon which Seaport can state a claim, the Court's dismissal of Count II shall be with prejudice.

### Implied Contractual Indemnity

Although the Court has found that Seaport has not alleged any independent duty owed to Seaport by Maduro, this is not to say that the facts of this case can never give rise to a claim for implied contractual indemnity. Implied contractual indemnity arises where there are "unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety, or where there is a generally recognized special relationship between the parties." *Maritime Overseas Corp. v. Northeast Petroleum Indus., Inc.*, 706 F.2d 349, 353 (1st Cir.1983). *See also TransDulles Center Inc. v. USX Corp.*, 976 F.2d 219, 228 (4th Cir. 1992). The party alleging a special relationship has a heavy burden of showing an implied agreement by the potential indemnitor to indemnify it. *Triguero v. Conrail*, 932 F.2d 95, 101 (2d Cir.1991).

Generally, a "special relationship" is one in which an established set of legal rights and duties exists, such that the breach of a duty will give rise to an obligation by the employer to indemnify the third party. 2B Arthur Larson, *The Law of Worker's Compensation* §§ 76.50, 76.81 (1994). A special relationship has been found, for example, in bailee/lessee-to-bailor/lessor situations, *Williams v. Pennsylvania R.R.*, 313 F.2d 203, 212–13 (2d Cir. 1963) and *Marr Equipment Corp. v. I.T.O. Corp.*, 14 Mass.App.Ct. 231, 235, 437 N.E.2d 1076, 1078 (1982); and in principal-to-agent situations, *Hagen v. Koerner*, 64 N.J.Super. 580, 166 A.2d 784 (1960). In those cases, the courts found that the special relationship gave rise to a warranty of due care, the breach of which was redressed by indemnity.[2]

Here, although the Third Party Complaint hints at a special relationship, it

---

**2.** Courts have also addressed the WWP, arising by virtue of a contractor/stevedore-to-contrac-

tee/shipowner relationship, as a source of implied contractual indemnity. *See Ryan Stevedor-*

does not sufficiently allege what that relationship is, or what warranty was breached. Hence, the Court shall dismiss Count I for failure to state a cause of action. However, because a review of the record reveals that Seaport may indeed have a cause of action against Maduro once properly alleged, the Court shall grant Seaport leave to amend its pleading.

### CONCLUSION

Based on the foregoing considerations, it is hereby

ORDERED AND ADJUDGED that Third Party Defendant S.E.L. Maduro Florida, Inc.'s motion to dismiss is GRANTED WITHOUT PREJUDICE as to Count I, and GRANTED WITH PREJUDICE as to Count II. Seaport Crane Service, Inc. shall have ten (10) days from the date of this order within which to file an Amended Third Party Complaint. Failure to file an amended complaint within this timeframe shall result in the final dismissal of the third party action.

DONE AND ORDERED.

*ing Co. v. Pan–Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). For the reasons already discussed, however, the WWP is not applicable to the instant action.