**Diane Lee SIGLER, Appellant,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellee.**

No. 81–1217.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1981.

Decided Nov. 2, 1981.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker by James A. Lorentzen (argued), Jeffrey A. Boehlert, Des Moines, Iowa, for appellant, Diane Lee Sigler.

David W. Belin, Charles D. Hunter (argued), Ann Marie Williams, Belin, Harris, Helmick & Heartney, Des Moines, Iowa, for appellee, Mutual Benefit Life Insurance Co.

Before STEPHENSON and McMILLIAN, Circuit Judges, and LARSON,[*] Senior District Judge.

PER CURIAM.

Diane Lee Sigler appeals the denial of her claim for accidental death benefits on a policy issued on her husband's life by Mutual Benefit Life Insurance Company, as well as for compensatory and punitive damages as a result of Mutual Benefit's alleged bad faith and intentional infliction of emotional distress in denying her claim for benefits.

On cross-motion for summary judgment, the district court[1] granted defendant's motion for summary judgment, denying relief on the grounds that the insured's cause of death, autoerotic asphyxia,[2] was self-inflicted injury resulting in death which under Iowa law was not an accident, "since a reasonable person would have recognized that his actions could result in his death." *Sigler v. Mutual Benefit Life Insurance Co.*, 506 F.Supp. 542, 544 (S.D.Iowa 1981). The district court also held that the death was barred from recovery because of a clause in the insured's policy excluding coverage from "intentionally, self-inflicted injury of any kind." *Id.* at 545.

The court further found, "Mutual acted in good faith and with reasonable cause in denying plaintiff's claim for benefits under the accidental provision of the insurance certificate." *Id.* at 546.

---

[*] The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

[1] The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

[2] The autoerotic act involved the participant "hanging" himself by the neck, creating an asphyxial state, in an attempt to stimulate nerve centers in the brain and heighten the masturbating experience.

**50**

In reviewing the district court's findings, we note that the district court found and appellant's counsel conceded in oral argument that there was no dispute of underlying material facts in the case.

We have carefully considered the briefs, arguments, and record and we affirm on the basis of the district court's well-reasoned opinion pursuant to Rule 14 of the rules of this court.[3]

---

**3.** We note that counsel has requested that we certify this case to the Iowa Supreme Court for a determination of Iowa law on the issue of whether this death was accidental. In light of the well-established Iowa case law on this subject, we see no need to certify the issue.

Also, appellant claims that *International Underwriters, Inc. v. Home Ins. Co.*, 500 F.Supp.

637 (E.D.Va.1980), undermines the district court's decision. We disagree. The present case is easily distinguishable from *International Underwriters* because that case involved the failure of a system of ropes and pulleys designed to protect the insured from death as he engaged in autoerotic acts.