United States Court of Appeals,

Fifth Circuit.

No. 91-9529

Summary Calendar.

Julia Brumfield SIMS, Plaintiff-Appellant,

v.

MONUMENTAL GENERAL INSURANCE COMPANY, Defendant-Appellee.

May 11, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

This case requires us to decide whether a man's hanging himself by the neck in order to restrict the flow of oxygen to his brain is an intentionally self-inflicted injury within the meaning of an exclusion to his insurance policy. We hold that he intentionally injured himself, even though he did not mean to kill himself, and that his death is not covered by the policy. The judgment of the district court is affirmed.


I.

The relevant facts are not disputed. William P. Brumfield was discovered strangled to death in his home. He hanged himself by the neck so the flow of oxygen to his brain would be restricted; he enjoyed this practice and its concomitant activities,[1] and he apparently had engaged in it several times before. This time,

---

[1]This practice is known as "autoerotic asphyxiation."

however, he died.  The parties agree that his death was not the result of suicide, foul play, or natural causes.

Mr. Brumfield was covered by an insurance policy originally issued by Monumental Life Insurance Company and later assumed by Monumental General Insurance Company.  The policy covers accidental death that does not result from intentionally self-inflicted injury.  Julia Brumfield Sims, Mr. Brumfield's sister and the beneficiary under the policy, claims that $150,000 is due under the policy, but Monumental denied her claim on the grounds that Mr. Brumfield's death was not accidental and resulted from an intentionally self-inflicted injury.

Mrs. Sims sued Monumental.  On cross-motions for summary judgment, the district court rendered judgment for Monumental. *Sims v. Monumental Gen. Life Ins. Co.,* 778 F.Supp. 325 (E.D.La.1991).[2]  Mrs. Sims now appeals.

## II.

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989);  *Moore*

---

[2]The district court was mistaken when it referred to the Defendant as Monumental General Life Insurance Company.  *See* 1 R. 112-13.

*v. Mississippi Valley State Univ.,* 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Because we only need apply the unambiguous policy language to undisputed facts, this case is well suited to summary judgment.

## III.

Mr. Brumfield's policy excludes "any loss resulting directly or indirectly, wholly or partly from: 1. Suicide or attempt thereat or intentionally self-inflicted injury occurring while sane or insane." 1 R. 121. The issue is whether Mr. Brumfield's death "result[ed] directly or indirectly, wholly or partly from ... [an] intentionally self-inflicted injury." The parties agree that Louisiana law applies in this diversity case.

In Louisiana, someone is said to have acted intentionally "where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the

result was substantially certain to follow." *Bazley v. Tortorich,* 397 So.2d 475, 481 (La.1981). Mr. Brumfield desired to partially strangle himself. The partial strangulation that he apparently achieved on previous occasions was intentional and self-inflicted. The only question is whether partial strangulation is an injury.

According to the undisputed opinion of Monumental's expert, the type of strangulation desired by Mr. Brumfield damages tissues in the neck and deprives the brain of valuable oxygen. 2 R. 242. If Mr. Brumfield came before this Court and proved that a robber had partially strangled him, we would have no trouble holding that Mr. Brumfield had been injured and that the robber should be held criminally liable. Two state supreme courts have so held. *See State v. Schad,* 470 P.2d 246, 250 (Utah 1970) (affirming second degree murder conviction because the victim's life was greatly endangered even though only partial strangulation was intended); *State v. Schad,* 163 Ariz. 411, 418, 788 P.2d 1162, 1169 (1989) (affirming death sentence partly based on same), *aff'd sub nom. Schad v. Arizona,* --- U.S. ----, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). In the words of a court facing an issue identical to ours, "it continues to be an injury even when it is self-inflicted." *Sigler v. Mutual Benefit Life Ins. Co.,* 506 F.Supp. 542, 545 (S.D.Iowa), *aff'd,* 663 F.2d 49 (8th Cir.1981).

That Mr. Brumfield only intended partial strangulation and did not intentionally kill himself does not avail Mrs. Sims. The policy in this case not only excludes suicide, but also any loss

(including death) "resulting directly or indirectly, wholly or partly from ... [an] intentionally self-inflicted injury." Partial strangulation is an injury in and of itself. His death "result[ed] directly or indirectly, wholly or partly from" that intentionally self-inflicted injury.

An analogy is helpful. If Mr. Brumfield had been a member of a fraternal organization that required him to brand his forearm, and he did so, any loss arising from the branding would be excluded. For instance, although he only intended to burn the insignia of the organization onto his skin, he might unintentionally burn into his muscle and do serious damage to his arm. He intended some injury, but another, unintended injury resulted. The loss would not be covered the policy at issue here.

Our decision is in accord with the Eighth Circuit's application of Iowa law to an identical case. *Sigler,* 663 F.2d 49 (affirming summary judgment for defendant). The Fourth Circuit has reached the same result in two cases decided under Virginia law, although that court held that the deaths were not accidental (an issue we do not reach[3]). *International Underwriters, Inc. v. Home Ins. Co.,* 662 F.2d 1084 (4th Cir.1981); *Runge v. Metropolitan Life Ins. Co.,* 537 F.2d 1157 (4th Cir.1976). The opinion of the intermediate appellate court in Wisconsin, which reached an

---

[3]Because we have decided that coverage was excluded under the "intentionally self-inflicted injury" provision, we need not decide whether his death was "accidental" within the meaning of the policy.

opposite result in a similar case, does not inform our analysis because it, like the Fourth Circuit, only addressed the issue whether the death was "accidental." *See Kennedy v. Washington Nat'l Ins. Co.,* 136 Wis.2d 425, 401 N.W.2d 842, 846 (Ct.App.1987). The policy in that case apparently had no exclusion for intentionally self-inflicted injury. *See id. See generally* Alan Stephens, Annotation, *Accident or Life Insurance: Death by Autoerotic Asphyxiation as Accidental,* 62 A.L.R.4th 823 (1988).

The only case cited by Mrs. Sims that holds that partial strangulation is not an injury is *Connecticut General Life Insurance Co. v. Tommie,* 619 S.W.2d 199 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). That case, however, was in an entirely different procedural posture than the instant case. In *Tommie,* the Texas intermediate appellate court was reviewing a jury finding that partial strangulation did not constitute an injury under Texas law. The Texarkana court, constrained by its standard of review, held that "some probative evidence" introduced in the trial court tended to support the jury's finding, which the appellate court was therefore required to affirm. *Id.* at 203. The record in the case at bar, however, does not raise any genuine issue of material fact, even when viewed in the light most favorable to Mrs. Sims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

IV.

No genuine issues of material fact remain, and Monumental is entitled to judgment as a matter of law.  Mr. Brumfield's death resulted from an intentionally self-inflicted injury, and his death is not covered by the Monumental policy.  The judgment of the district court is therefore

AFFIRMED.