**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 91-3351**
_____

**WINSTON J. PERRON,**

**Plaintiff-Appellant,**

**UNITED STATES FIRE INSURANCE COMPANY,**

**Intervenor-Appellant,**

**VERSUS**

**BELL MAINTENANCE AND FABRICATORS, INC.,**

**Defendant-Appellee.**
_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

(August 21, 1992)

Before BRIGHT,[1] JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:

Winston Perron and Michael Lee having been nominal employees of different companies, but "borrowed servants" of Gulf Oil, when Perron was allegedly injured on Gulf's offshore platform by Lee's negligence, the issue in this appeal is whether the bar under the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 933(i), for suits against a co-employee likewise applies to this tort action (*respondeat superior*) by Perron against Lee's employer, Bell Maintenance & Fabricators Co., as held by the district court in granting summary judgment for Bell.  We **AFFIRM**.

_____

[1]    Senior Circuit Judge of the Eighth Circuit, sitting by designation.

In early 1985, Perron, an operator on a Gulf production platform on the outer continental shelf, allegedly slipped and fell because of oil left on the platform by Lee. Gulf did not directly employ Perron or Lee, but instead, contracted with businesses that supply oil companies with labor. Danos & Curole Marine Contractors, Inc. (Danos), employed Perron; Bell, Lee.

Perron sued Gulf in district court in January 1986; but summary judgment was rendered against him on the basis that he was Gulf's "borrowed servant" and that, therefore, under 33 U.S.C. § 905(a), his exclusive remedy was workers' compensation under the LHWCA, 33 U.S.C. § 901 *et seq.*[2] This court affirmed in an unpublished opinion. *Perron v. Gulf Oil Corp.*, 893 F.2d 344 (5th Cir. 1989), *cert. denied*, __ U.S. __, 110 S. Ct. 3273 (1990). Perron is now receiving compensation provided by Danos, his nominal

---

[2]

> The liability of an employer ... shall be exclusive and in place of all other liability of such employer to the employee ... on account of such injury ... except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury .... In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant .... For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 ....

33 U.S.C. § 905(a).

employer, pursuant to its contract with Gulf, as required by the LHWCA.  *See* note 2, *supra*.

In early December 1989, almost four years after filing suit against Gulf, and while the appeal from the summary judgment in favor of Gulf in that action was pending in this court (the opinion was rendered late that month), Perron brought this third-party action in state court against Bell, Lee's nominal employer, under a theory of *respondeat superior*.  Bell removed to federal court, but was unsuccessful in having the action transferred to the district where the action against Gulf had been filed.  In early 1991, it was awarded summary judgment, the district court holding that the action was barred by 33 U.S.C. § 933(i), because Lee and Perron were both "in the same employ".[3]

The district court denied Perron's motion to reconsider, noting that Perron had been held by this court to be a "borrowed servant" of Gulf and that Perron did not dispute Bell's contention that Lee was also a "borrowed servant" of Gulf.  Therefore, it held again that Perron and Lee were "in the same employ", even though nominally employed by different companies.  The district court rejected Perron's contention that Louisiana law should be applied to the dispute, holding that the Outer Continental Shelf Lands Act

---

[3]    Section 933(i) provides:

> The right to compensation or benefits under [the LHWCA] shall be the exclusive remedy to an employee when he is injured ... by the negligence or wrong of any other person or persons in the same employ: *Provided*, That this provision shall not affect the liability of a person other than an officer or employee of the employer.

(OCSLA), 43 U.S.C. § 1331 *et seq.*, "provides that the LHWCA is the compensation law applicable to this case, preempting the application of the idiosyncracies of the Louisiana Workers' Compensation scheme."

II.

> Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ...   In reviewing the summary judgment, we apply the same standard of review as did the district court.

*Sims v. Monumental General Ins. Co.*, 960 F.2d 478, 479 (5th Cir. 1992) (quoting Fed. R. Civ. P. 56(c)).  Because we need only apply the law to undisputed facts, this case is well suited to summary judgment. *See* *id.* at 480.

Under OCSLA, payments are to be made under the LHWCA for "disability or death of an employee resulting from any injury occurring as the result of [offshore] operations" of the type involved in this action.  43 U.S.C. § 1333(b).  This appeal turns on 33 U.S.C. § 933(i), which substitutes LHWCA remedies exclusively for an action for an injury caused by a person "in the same employ".  *See* note 3, *supra*.  While "`this provision limits an employee's rights, it ... at the same time expand[s] them by immunizing him against suits where he negligently injures a fellow worker.'" *Sharp v. Elkins*, 616 F. Supp. 1561, 1565 (W.D. La. 1985) (emphasis omitted) (quoting Congressional comments on § 933(i)).  As stated, the injured co-employee's exclusive remedy is payments guaranteed under the LHWCA.  *See* *Johnson v. American Mutual Liability Ins. Co.*, 559 F.2d 382, 390-91 (5th Cir. 1977).  Under

this scheme, the injured employee may receive a smaller sum than a liability judgment, but the LHWCA payments are more certain and allow the injured worker to avoid the hazards of litigation.  *See id.* (construing § 905(a) immunity to extend to employer's liability carrier).

Perron contends that Bell should not be vested with § 933(i) immunity, because it is not his employer and did not provide workers' compensation payments to him (there was no *quid pro quo*).  He also contends that he has a cause of action against Bell under Louisiana law.

### A.

Perron's first contention is based on the assumption that § 933(i) immunizes only the employer of the injured employee.  Perron cites no authority for this proposition, and we know of none.  He merely cites several cases in which this court held that employers are protected by § 905(a) from liability to their employees.  *See, e.g.*, **Gaudet v. Exxon Corp.**, 562 F.2d 351, 356 (5th Cir. 1977), *cert. denied*, 436 U.S. 913 (1978).  Bell claims the protection of § 933(i), not § 905(a).  Section 933(i) does not protect employers; *it protects negligent co-employees*.  *See **id.** at 354 n.4.

### 1.

Perron maintains that recovery is not barred against Bell for injuries caused by Lee's negligence, because, as used in § 933(i), Lee was not "in the same employ" as he; that Lee was in the employ of Bell, while he was in the employ of Danos.  In support, Perron asserts that Lee was not a borrowed servant of Gulf, but the

uncontested material facts were that "[a]ll control and direction over Bell Maintenance employees such as Lee was exercised by Gulf" and that "[o]ther than the direct supervision of ... Lee by Herman Marshall [a Gulf mechanic], Gulf exercised the same control over ... Lee as Gulf exercised over Perron."[4]

A borrowed servant becomes the employee of the borrowing employer, *Standard Oil v. Anderson*, 212 U.S. 215 (1909), and "is to be dealt with as the servant of the [borrowing employer] and not of the [nominal employer]." *Denton v. Yazoo & M.V. Railway Co.*, 284 U.S. 305 (1932).  In *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969), our court adopted the borrowed servant rule for the LHWCA.  *See*, *e.g.*, *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1244 n.10 (5th Cir. 1988); *Capps v. N.L. Baroid-NL Indus.*, 784 F.2d 615 (5th Cir.), *cert. denied*, 479 U.S. 838 (1986); *Gaudet*, 562 F.2d at 355-57.  And, borrowed servant status is a question of law. *E.g.*, *Melancon*, 834 F.2d at 1244.

As noted, in Perron's action against Gulf, this court held that Perron was a borrowed servant of Gulf.  Furthermore, as referenced above, and as the district court noted, Perron did not dispute, in opposition to summary judgment in this action, that Lee and Perron were both borrowed servants of Gulf; *in fact, he admitted that they were*.  He stated:

> [Perron]  does not dispute that Lee was a borrowed servant of Gulf.  Perron and Lee were borrowed servants for Gulf on the platform.  However, the

---

[4]     The day shift consisted only of Marshall and Lee; the night shift, of Perron and another Danos employee.

> plaintiff contends that Lee was not a "co-employee"
> to serve as a bar to this tort action.

(In his supporting brief for his motion to reconsider, Perron took a different tack and *contended that Perron was not the borrowed servant of Bell*.) It goes without saying that Perron cannot admit in district court that Lee was a borrowed servant of Gulf but deny that here.

In sum, Perron and Lee were co-workers in every meaningful sense of the term. And, because they were borrowed servants/co-employees of the same employer (Gulf), *a fortiori*, they were "persons in the same employ" under § 933(i).

2.

Given that Perron is barred by § 933(i) from bringing an action against Lee, at issue is whether Perron can bring this *respondeat superior* action against Bell, Lee's nominal employer. Consistent with the LHWCA's comprehensive scheme, Perron is barred from doing so.

In ***Nations v. Morris***, 483 F.2d 577 (5th Cir. 1973), *cert. denied*, 414 U.S. 1071 (1973), as here, the plaintiff was injured by an allegedly negligent co-employee on an oil platform on the outer continental shelf. *Id.* at 579. The plaintiff sued his co-employee's liability insurer under Louisiana's direct action statute. *Id*. at 580. Similar to the vicarious liability claimed here, the ***Nations*** co-employee and his insurer were solidary obligors (jointly and severally liable) under Louisiana law. *Id*. at 586-87. Therefore, if the § 933(i) defense was not personal to the co-employee, but rather "inhere[d] in the nature of the

- 8 -

obligation", the insurer could assert it against the injured plaintiff. *Id*. at 587.

*Nations* concluded that the § 933(i) defense was available to the co-employee's solidary obligors. *Id*. at 587-89. It reasoned that §§ 933(i) and 905(a) do not merely remove the remedy of proceeding directly against one tortfeasor to enforce an otherwise-preserved right, but also "completely obliterate[] the rights at common, civil or maritime law against Employer and fellow employee." *Id*. at 587.

> Congress ... has determined that the relationship gives rise only to compensation liabilities. The nature of the obligation is that there is no -- the word is *no* -- obligation.
>
> * * *
>
> [LHWCA] is comprehensive. It has adjusted and rearranged the rights of maritime and other specifically covered workers. We could not hold that [LHWCA] merely cut off the remedy against the fellow employee and that since the amendment in 1959[5] there has

---

[5] Section 933 was amended in 1959 for the purpose of "immuniz[ing] fellow employees against damages suits." S. Rep. No. 428, 86th Cong., 1st Sess., *reprinted in* 1959 U.S.C.C.A.N. 2134.

> The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risk inherent in the hazardous work and second, the risk that he might negligently hurt someone else and thereby incur a large common-law damage liability. While it is true that this provision limits an employee's rights, it would at the same time expand them by immunizing him against suits where he negligently injures a fellow worker. It simply means that rights and liabilities arising within the "employee family" will be settled within the framework of the [LHWCA].

*Id.*

> subsisted a remedy-less right against the co-worker which had no utility until the passage of the Direct Action Statute and OCSLA with its surrogate out-reach. ... [T]he comprehensive scheme known as [LHWCA] is the *whole* source of rights and remedies.

*Nations*, 483 F.2d at 587-88 (emphasis in original) (footnote omitted). Restated, "[t]he prohibition of suits between co-workers under the [LHWCA] is not a personal defense but may be claimed by the negligent co-workers' solidary obligors." *Louisiana Land & Exploration Co. v. Amoco Prod. Co.*, 878 F.2d 852, 855 (5th Cir. 1989) (citing *Nations*, 483 F.2d at 589).

This *respondeat superior* action against Bell arises out of its employee's, Lee's, alleged negligence. However, Perron has no right to recover for Lee's negligence except as provided by the LHWCA's comprehensive scheme; the LHWCA payments are substituted for any right Perron might have had to sue Lee's employer under *respondeat superior*. (As noted, Perron has been receiving such payments from its nominal employer, Danos). *Nations* extended § 933(i)'s protection to the solidary obligors of negligent co-employees. And, to the extent that Bell is vicariously liable for Lee's negligence, they are solidary obligors. Just as the liability insurer in *Nations* was protected by § 933(i), so too is Bell. Simply put, Perron cannot assert against Bell, the employer, his non-existent right against Lee, its employee. The fact that Bell is not Perron's employer is irrelevant to whether § 933(i) bars his action against Bell.[6]

---

[6] As support for challenging the § 933 (i) bar, Perron states that "Bell ... would never be obligated to Danos ... employees [such as Perron] for compensation benefits and, thus, there is no

B.

Despite OCSLA making the LHWCA applicable to injuries occurring in operations of the type involved in this action, Perron asserts that, under OCSLA, Louisiana law should govern this case. But, by its terms, OCSLA makes state law applicable only when it is not inconsistent with federal law, providing in pertinent part:

> To the extent that they are applicable *and not inconsistent with this subchapter or with other Federal laws* ..., the civil and criminal laws of each adjacent State ... are hereby declared to be the law of the United States for [the outer continental shelf adjacent to the state].

43 U.S.C. § 1333(a)(2)(A) (emphasis added).

Section 933(i) provides that LHWCA payments "shall be the exclusive remedy to an employee when he is injured ... by the negligence or wrong of any other person or persons in the same employ." State law is, therefore, preempted by § 933(i) in this instance.

III.

Accordingly, the judgment is

**AFFIRMED.**

---

*quid pro quo* between Bell and Perron", relying on the concurring opinion in **West v. Kerr-McGee Corp.**, 765 F.2d 526 (5th Cir. 1985) (dealing with § 905 immunity). Section 933(i) bars liability, regardless of whether the otherwise-liable defendant provided LHWCA payments to the plaintiff. Perron confuses § 933(i) with § 905(a), which permits an injured employee to seek recovery at law if his employer "fail[ed] to secure payment of compensation as required by this chapter". This exception is not found in § 933(i).