710 So.2d 1149 (1998)
Terry E. MALBROUGH
v.
HALLIBURTON LOGGING SERVICES, INC.
No. 97 CA 0378.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
Mac Trelles, Jr., Baton Rouge, for Plaintiff Appellant Terry E. Malbrough.
Maurice P. Mathieu, Houma, for Defendants Appellees Richard Hogan and State Farm Fire & Cas. Co.
Charles Hanemann, Houma, for Defendant Halliburton Logging Services, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
*1150 FOIL, Judge.
At issue in this appeal is whether the Longshoreman Harbor Workers' Compensation Act (LHWCA) bars an employee from asserting a tort claim against a fellow employee alleging an intentionally inflicted injury. We hold that the LHWCA does not preclude an employee from asserting a cause of action based on an intentional tort, and we reverse the summary judgment entered by the trial court.

BACKGROUND
On November 30, 1992, plaintiff, Terry Malbrough, was injured during the course and scope of his employment with Halliburton Logging Services, Inc., while performing work on a fixed drilling platform located on the Outer Continental Shelf off of the coast of Louisiana. Plaintiff, an electric line operator, was setting up a skid unit on the platform and was standing on a prime mover located about six to seven feet above the deck of the platform. According to plaintiff, he had finished his work and was tearing down his equipment, when he called on a fellow employee, Richard Hogan, to come get an antenna. Plaintiff alleged that he handed the antenna down to Richard, who told him, "I ought to ram this thing up your butt." Plaintiff testified that Richard poked him in the rear end with the antenna, attesting that Richard "jam[med] it in and jammed it hard." As a result of this incident, plaintiff fell to the deck below and landed on his back.
In June of 1993, plaintiff filed suit in the 32nd Judicial District Court against Halliburton seeking damages under the Jones Act and general maritime law. Halliburton answered the suit, alleging that the LHWCA provided plaintiff's exclusive remedy. Plaintiff also sued Richard Hogan and Hogan's homeowner's insurer, State Farm Fire and Casualty Company, seeking to recover tort damages under La. Civ.Code art. 2315.
Plaintiff ultimately compromised his claim with Halliburton, accepting benefits under the LHWCA, and dismissed the claim against his employer. Hogan and State Farm (hereinafter collectively referred to as defendants) filed a motion for summary judgment, urging that federal law precluded an employee from asserting a negligence claim against a fellow employee. In response, plaintiff argued that federal law did not preclude him from suing a co-employee for an intentional tort or battery.
The trial judge granted the motion for summary judgment, stating that he accepted the arguments advanced by defendants. During the course of the proceedings, defendants asserted two principal arguments. First, they urged that intentional torts fell under the exclusivity provision of the LHWCA which immunizes fellow employees from tort suits. Secondly, defendants theorized that even if intentional torts fell outside the scope of the LHWCA, the conduct at issue was mere horseplay and did not rise to the level of an intentional tort. This appeal, taken by plaintiff, followed.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966.
Previously, our cases held that summary judgments were not favored, and were to be used cautiously and sparingly. Any doubt was to be resolved against granting the motion and in favor of a trial on the merits. The supporting documents of the mover were strictly construed, while the documents submitted by the opponent were treated indulgently. Sanders v. Ashland Oil, Inc., 96-1751 at p. 6; 696 So.2d at 1035.
In 1996, the legislature amended La.Code Civ. P. art. 966 to provide that the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, and is now favored. The effect of this amendment was to overrule the presumption in favor of trial on the merits. *1151 The amendment also "leveled the playing field" by allowing documents submitted by the parties to be equally scrutinized. Berzas v. OXY USA, Inc., 29,835, pp. 4-5 (La.App. 2 Cir. 9/24/97); 699 So.2d 1149, 1152; Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
In 1997, by Act No. 483, the legislature again amended La.Code Civ. P. art. 966 to incorporate the federal summary judgment analysis, which was adopted by the third circuit in Hayes v. Autin, as the appropriate test to use in assessing motions for summary judgment. The amendment overruled all cases inconsistent with the summary judgment test set forth in Hayes v. Autin.[1]
Under the amended version of La.Code Civ. P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966 C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967; Berzas v. OXY USA, Inc., 29,835 at pp. 7-9; 699 So.2d at 1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 at p. 7; 696 So.2d at 1035.

THE LHWCA
Because plaintiff's injury occurred on a fixed platform located on the Outer Continental Shelf, the LHWCA is applicable to his injury by virtue of the Outer Continental Shelf Lands Act. 43 U.S.C. § 1333(b). Defendants argue that § 933(i) of the LHWCA bars plaintiff from maintaining this tort suit. 33 U.S.C. § 933(i) states:
933. Compensation for injuries where third persons are liable
* * * * * *
(i) Right to compensation as exclusive remedy
The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured... by the negligence or wrong of any other person or persons in the same employ.
This provision was intended to immunize fellow employees from damage suits. Perron v. Bell Maintenance and Fabricators, Inc., 970 F.2d 1409, 1413, n. 5 (5th Cir.1992), cert. denied, 507 U.S. 913, 113 S.Ct. 1264, 122 L.Ed.2d 660 (1993). The purpose of the law is set forth in 1959 U.S. Code Cong. & Ad. News 2135-2136 as follows:
The other major provision of the bill relates to immunization of fellow employees against damage suits. The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risk inherent in the hazardous work and second, the risk that he might negligently hurt someone else and thereby incur a large common-law damage liability. While it is true that this provision limits an employee's rights, it would at the same time expand them by immunizing him against suits where he negligently injures a fellow worker.
S.Rep. No. 428, 86th Cong., 1st Sess., reprinted in 1959 U.S.C.C.A.N. 2134, quoted in Perron v. Bell Maintenance and Fabricators, Inc., 970 F.2d at 1413, n. 5. (Emphasis supplied.)
The quoted language demonstrates that Congress intended to immunize fellow workers from negligent acts. Accordingly, the federal courts have held that actions against fellow employees based on negligence are barred by *1152 § 933(i). See Perron v. Bell Maintenance and Fabricators, Inc., 970 F.2d at 1412.
Defendants rely on the case of Sharp v. Elkins, 616 F.Supp. 1561 (W.D.La.1985), wherein a federal district court held that § 933(i) immunizes a fellow employee from lawsuits even where intentional torts are alleged. The federal district court in Sharp relied on Nations v. Morris, 483 F.2d 577, 587-588 (5th Cir.), cert. denied, 414 U.S. 1071, 94 S.Ct. 584, 38 L.Ed.2d 477 (1973), in which the 5th Circuit stated that § 905(a), the LHWCA's employer immunity provision, and § 933(i) "completely obliterate[] the rights at common, civil or maritime law against Employer and fellow employee." For the reasons which follow, we disagree with the reasoning of the Sharp case, and we decline to follow its holding.
33 U.S.C. § 905(a) provides that the LHWCA shall be the employee's exclusive remedy against his employer. The federal courts have held that § 905(a) grants the employer immunity not only from suits alleging mere negligence, but also precludes a LHWCA covered employee from maintaining a tort action against his employer alleging willful, wanton, reckless and unlawful conduct. Houston v. Bechtel Associates Professional Corporation, 522 F.Supp. 1094, 1097 (D.D.C.1981); Austin v. Johns-Manville Sales Corporation, 508 F.Supp. 313, 316-317 (D.Me.1981).
Nevertheless, the federal courts addressing the scope of § 905(a) immunity have indicated that intentional torts committed by the employer fall outside the reach of § 905(a). Kullman v. MLC Services, Inc., 94-1080 p. 2 (E.D.La.1/10/95), 1995 WL 10819; Roy v. Bethlehem Steel Corporation, 838 F.Supp. 312, 316 (E.D.Tex.1993); Austin v. Johns-Manville Sales Corp., 508 F.Supp. at 316; Johnson v. Odeco Oil & Gas Co., Inc., 679 F.Supp. 604, 606-607 (E.D.La.1987), a'ffd, 864 F.2d 40 (5th Cir.1989); Houston v. Bechtel Assoc. Professional Corp., 522 F.Supp. at 1096. In these cases, the courts stated that § 905(a) does not foreclose an employee from maintaining a tort suit against an employer based on an intentionally inflicted injury by the employer. However, in each, the courts found that the claimant failed to allege facts to support a finding of an intentional tort, and upheld § 905(a) immunity in favor of the employers.
If an employer is precluded from claiming immunity for an intentional act under § 905(a), an employee who intentionally injures his fellow employee should not be permitted to rely on the LHWCA to shield him from tort liability. We find no logical reason to bar a LHWCA covered employee from bringing a state tort suit against a fellow employee whose intentional injury caused him damage.[2] Based on the federal cases discussing § 905(a) immunity, and the comments to § 933(i) in which Congress expressly indicated that it was immunizing fellow employees from damage suits arising because of their negligent acts, we conclude that the LHWCA does not immunize an employee from a tort suit arising from an intentionally inflicted injury.
The federal jurisprudence indicates that to bring the conduct sued upon outside the scope of the LHWCA's exclusivity provision, the plaintiff must allege a genuine intentional injury. The courts require the claimant to submit proof of a specific intent to injure the employee. Roy v. Bethlehem Steel Corporation, 838 F.Supp. at 316; Atkinson v. Gates, McDonald & Company, 665 F.Supp. 516, 521-522 (S.D.Miss.1987), aff'd, 838 F.2d 808 (5th Cir.1988); Johnson v. Odeco Oil & Gas Co., Inc., 679 F.Supp. at 606-607.
Because of the procedural posture of this case, defendants' motion for summary judgment could only be granted if it were found *1153 that Richard Hogan's conduct could not, as a matter of law, constitute an intentional tort. However, considering the nature of plaintiff's injury, a material factual issue is presented regarding Richard Hogan's intent. Accordingly, we conclude that defendants failed to carry their threshold burden of proving the absence of support for plaintiff's claim, and the summary judgment was improperly granted.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The case is hereby remanded to the trial court to conduct further proceedings not inconsistent with this opinion. All costs of this appeal are assessed to defendants, Richard Hogan and State Farm.
REVERSED AND REMANDED.
NOTES
[1] In Morgan v. The Earnest Corporation, 97-0869, p. 7 (La.App. 1 Cir 11/7/97); 704 So.2d 272, 276, this court also held that the 1997 amendment to La.Code. Civ. P. art. 966 applied retroactively, and is to be utilized by this court in assessing summary judgments granted prior to the effective date of the amendment.
[2] There is a distinction in terms of coverage of the LHWCA depending on whether the employer or the employee committed the intentional tort. 33 U.S.C. § 902(2) defines "injury" to include an injury caused by the "willful act of a third person." Since the employer could not qualify as a "third person," an intentional tort committed by the employer would fall outside the scope of LHWCA coverage. However, if the employee is considered as a "third person," an intentional tort could fall under the scope of the LHWCA, thereby triggering the employer's immunity from suit under § 905(a). We do not believe, however, that the fact the injury may be covered from the employer's perspective precludes an employee from suing his fellow employee for an intentional tort.